IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SCOTT COPELAND**                                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.** 3:22cv103-MPM-RP

**COOK ELECTRICAL CONTRACTORS, INC.**                      **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Scott Copeland, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act against Defendant. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Scott Copeland, is an adult male who resides in DeSoto County, Mississippi.

2. Defendant, Cook Electrical Contractors, Inc., is a Mississippi limited liability corporation that may be served with process by serving its registered agent: Raymond Jonathan Cook, 2730 Johnson Road, Hernando, Mississippi 38632.

**JURISDICTION AND VENUE**

3. This court has federal question jurisdiction.

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§1337 and the FLSA, 29 U.S.C.§216(b).

## STATEMENT OF FACTS

6. Plaintiff is a 40-year-old male resident of DeSoto County, Mississippi.

7. Plaintiff was hired on July 5, 2017, as a Shop/Warehouse Manager at Cook Electrical Contractors LLC (CEC).

8. Plaintiff was paid an hourly wage of $16.00 per hour.

9. During the time Plaintiff worked at CEC, his time sheets were often manipulated and changed to suggest that he worked less than he did.

10. During mid-July 2021, Plaintiff worked 45 hours.

11. The timesheet was later changed to suggest that Plaintiff worked only 42.5 hours.

12. Therefore, Plaintiff was underpaid by 2.5 hours of overtime.

13. During early August 2021, Plaintiff worked 43 hours.

14. The timesheet was later changed to suggest that Plaintiff worked only 40 hours.

15. Plaintiff was, therefore, underpaid three hours of overtime.

16. During mid-March 2022, Plaintiff worked 39 hours and 45 minutes.

17. The timesheet was later changed, however, to suggest that Plaintiff worked only 38 hours and 25 minutes.

18. Therefore, Plaintiff was underpaid by one hour and 20 minutes.

19. These are examples of timesheet deductions that occurred over the entirety of Plaintiff's employment with CEC.

20. Plaintiff estimates that the underpayment totaled 20-25 hours per year during the nearly five years he was employed.

21. Therefore, Plaintiff conservatively estimates that he was underpaid a total of 100-125 hours, most of which were overtime hours.

22. On or around March 22, 2022, Plaintiff sent a message to Owners Jonathan Cook and Shane McCulley in the time record app about how his (Plaintiff's) recorded time sheets had been changed to suggest that he worked less than he did.

23. On March 23, 2022, Mr. McCulley notified Plaintiff that he was terminated.

24. No reason was given for the decision to terminate him which was obviously in retaliation for complaining that he was not being properly paid pursuant to the FLSA.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

27. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

28. Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

29. Plaintiff estimates that the underpayment totaled 20-25 hours per year during the nearly five years he was employed.

30. Therefore, Plaintiff conservatively estimates that he was underpaid a total of 100-125 hours, some of which were overtime hours.

31. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to liquidated damages and attorney fees.

**COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT - RETALIATION**

32. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33. On or around March 22, 2022, Plaintiff sent a message to Owners Jonathan Cook and Shane McCulley in the time record app about how his (Plaintiff's) recorded time sheets had been changed to suggest that he worked less than he did.

34. The next day, March 23, 2022, the Defendant obviously retaliated against Plaintiff by notifying Plaintiff that he was terminated.

35. The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
3. Liquidated damages;
4. Attorney's fees;
5. Lost benefits;

6.     Pre-judgment and post-judgment interest;
7.     Costs and expenses; and
8.     Such further relief as is deemed just and proper.

THIS the 6th day of June 2022.

                                    Respectfully submitted,

                                    SCOTT COPELAND, Plaintiff

                                  By: /s/Louis H. Watson, Jr.
                                       Louis H. Watson, Jr. (MB# 9053)
                                       Nick Norris (MB# 101574)
                                       Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com

5